UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK L. MAYS,

       Plaintiff,

  v.

MADISON COUNTY CATHOLIC CHARITIES
DIOCESE OF SPRINGFIELD IN ILLINOIS,
DENISE BURTON, and
SHERYLL KELLUM,

       Defendants.

Case No. 26-cv-00363-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Patrick Mays's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 5). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, it finds that

he fails to state a claim within this Court's subject matter jurisdiction. This Court has subject matter jurisdiction over cases that arise under federal law, 28 U.S.C. § 1331, and cases where the parties are completely diverse and where more than $75,000, exclusive of interests and costs, is in issue, 28 U.S.C. § 1332(a).

In the complaint, Plaintiff asserts that his claims arise under four federal laws: (1) the Sherman Antitrust Act; (2) the FOIA Improvement Act of 2016; (3) the Economic Espionage Act of 1996;[1] and (4) the First Amendment. To support his claims, he alleges that, on July 26, 2024, Defendant Denise Burton ("Burton") provided him with a final disciplinary written notice signed by his direct supervisor Defendant Sheryll Kellum ("Kellum"). The final notice explained that he demonstrated poor job performance and does not meet the expectations of the job. He contends that, although the written notice designates Kellum and Burton as the supervisors providing feedback, Burton did not sign the document until a later date and/or timeframe. He states that, because of these actions, he suffered lost wages and is entitled to exemplary damages. These allegations are not sufficient to state a claim under any of the federal laws that Plaintiff has cited. In addition, they fail to state a claim under any federal employment statute. As such, Plaintiff has not stated a claim within the Court's federal question jurisdiction.

He also fails to state claim within the Court's original diversity jurisdiction. Although Plaintiff alleges that his claims arise under three Illinois statutes, his complaint establishes that neither complete diversity nor the amount in controversy requirement is met. All parties are citizens of Illinois, and Plaintiff seeks only $70,000 in damages.

---

[1] As enacted, the Economic Espionage Act of 1996 was a purely criminal statute. It was amended in 2016 to create a private right of action, but Plaintiff cites to the original version. It imposes a fine of up to $500,000 and imprisonment of up to 15 years for the misappropriation of trade secrets.

The Court is satisfied that Plaintiff is indigent, but it finds that he fails to state a claim within its subject matter jurisdiction. Therefore, the Court RESERVES RULING on the Motion for Leave to Proceed *in Forma Pauperis* (Doc. 5) and DISMISSES the Complaint (Doc. 3) without prejudice. Plaintiff shall have up to and including May 27, 2026, to file an amended complaint. Failure to file an amended complaint in a timely manner will result in dismissal of this action for lack of subject matter jurisdiction. The Court DIRECTS the Clerk of Court to send Plaintiff both a blank employment discrimination complaint and a blank complaint for a civil case along with this order.

**IT IS SO ORDERED.**
**DATED**: **April 27, 2026**

**J. PHIL GILBERT**
**United States District Judge**

3