UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK L. MAYS,

      Plaintiff,

  v.

                                    Case No. 26-cv-00363-JPG

MADISON COUNTY CATHOLIC CHARITIES
DIOCESE OF SPRINGFIELD IN ILLINOIS,
DENISE BURTON, and
SHERYLL KELLUM,

      Defendants.

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Patrick Mays's Motion to Appoint Counsel (Doc. 17), Motion to Proceed *in Forma Pauperis* (Doc. 18), and the Court's inherent authority to screen and dismiss claims that are frivolous or transparently defective. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Plaintiff filed his initial complaint on March 27, 2026. He sought to proceed without pre-payment of fees. The Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2). It determined that he is indigent, but that he failed to state a claim within the Court's subject matter jurisdiction. The Court reserved ruling on the motion to proceed *in forma pauperis* and ordered him to file an amended complaint on or before May 27, 2026.

On May 6, 2026, Plaintiff paid the filing fee for this action. He timely filed his amended complaint on May 27, 2026. Because Plaintiff paid the filing fee, his amended complaint does not have to be screened under 28 U.S.C. § 1915(e)(2). However, the Court has inherent authority to screen the amended complaint, and it exercises that authority here.

"District judges have apple authority to dismiss frivolous or transparently defective suits

spontaneously, and thus save everyone time and legal expense." *Hoskins*, 320 F.3d at 763. "This is so even when the plaintiff has paid all fees for filing and service . . . ." *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).

The amended complaint is frivolous and transparently defective because it fails to state a claim within the Court's subject matter jurisdiction. This Court has subject matter jurisdiction over cases that under federal law, 28 U.S.C. § 1331, and cases where the parties are completely diverse and where more than $75,000, exclusive of interests and costs, is in issue, 28 U.S.C. § 1332(a).

Plaintiff fails to state a claim that arises under federal law. His amended complaint cites federal statutes on trade secret misappropriation, 18 U.S.C. §§ 1831, 1832, 1836, and 1837, and disposition of real property, 40 U.S.C. §§ 545, 550. However, the facts alleged—that Plaintiff was fired and provided with a final disciplinary notice that was not signed by one of his direct supervisors and that contained false information—are not sufficient to state a claim under any of the cited statutes. Further, they fail to state a claim under any federal employment statute.

Plaintiff also fails to state a claim within the Court's original diversity jurisdiction. The amended complaint states that all parties are citizens of Illinois. Thus, the complete diversity requirement is not met.

The appointment of counsel would not have made a difference in this case. The facts alleged by Plaintiff are simply not sufficient to state a claim within the Court's subject matter jurisdiction. The Court must preserve its attorney volunteers for cases where their presence is

needed to advance a potentially meritorious cause.

For the foregoing reasons, the Court **DENIES** the Motion to Appoint Counsel (Doc. 17), **DENIES** the Motion to Proceed *in Forma Pauperis* (Doc. 18), **DISMISSES** this case without prejudice for lack of subject matter jurisdiction pursuant to its inherent authority to dismiss frivolous or transparently defective lawsuits, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED**: **June 10, 2026**

**J. PHIL GILBERT**
**United States District Judge**